MILLS v. ROBINSON. (No. 904.) *

(Court of Civil Appeals of Texas. El Paso. Jan. 9, 1919. Rehearing Denied Jan. 30, 1919.)

1. CARRIERS ⬅283(2)—INJURIES TO PASSENGER—LIABILITY OF MASTER.

The master, owner of an elevator, could not have contemplated that employés engaged in operating and repairing an elevator would go outside of their prescribed duties and unnecessarily frighten and injure a passenger therein by idle talk of danger of falling.

2. CARRIERS ⬅293—ELEVATORS—INJURY TO PASSENGER.

As the electricity for propelling an elevator will at times be cut off, the mere stopping of an elevator thereby was not in any sense a wrongful act toward a passenger, where there was no physical injury caused by it.

3. CARRIERS ⊕⊃283(2)—INJURIES TO PASSENGER—ACTS OF SERVANTS—SCOPE OF AUTHORITY.

Where one employed to repair an elevator talked of the danger of the elevator's falling, in the presence of a passenger, causing her injury from fright, the master was not liable therefor; such being outside the scope of employé's authority.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Ada Mae Robinson against Anson Mills. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Beall, Kemp & Nagle and R. C. Walshe, all of El Paso, for appellant.

Jackson & Isaacks, of El Paso, for appellee.

HARPER, C. J. Ada Mae Robinson brought this suit against Anson Mills for $20,000 damages, and for cause of action she alleged: That the defendant is the owner of an office building in El Paso, Tex.; that for the convenience of the tenants several elevators are maintained; that she was employed as bookkeeper, etc., by one of the tenants of said building; that while she was in one of the elevators it came to a stop between floors, in such position as that she could not get out of same by the ordinary exit, and the only way she could get out was by climbing out on a ladder through a small opening at the top; that the operator of the elevator and the person whose duty it was to keep the elevator in repair, viz. Dan Stedham, and two Mexican boys, were all that were in the elevator at the time; that, well knowing there was no danger, said Stedham stated that the fuse had burned out and that the elevator might drop to the bottom of the shaft at any time, and by both words and manner impressed upon her the great danger of death in which she was placed; that the defendant's other agent, Fletcher, the operator of the elevator, heard what Stedham said, and stood by and negligently failed and refused to advise or tell plaintiff that there was no danger in said elevator falling, as it was his duty to do; that plaintiff was entirely unfamiliar with the operation of an elevator and its machinery, was already alarmed at its unexpected stopping, and this alarm was greatly increased and aggravated by said language and to such an extent as to cause a great physical shock and pain, etc.; that by reason of the defendant having permitted its elevator to get into such defective condition, and the further negligence of said mechanic in frightening plaintiff, her nervous system was shocked, health injured to such an extent as that she has since been unable to pursue her business.

The answer is a general demurrer and general denial. There is evidence in support of the allegations of plaintiff's petition, except that there is none that the elevator was defective, nor that it stopped was attributable to any negligence upon the part of defendant or his agents.

Tried by jury, and verdict and judgment for $5,000, from which this appeal.

There are a number of questions presented by appellant; but we have concluded that only certain ones need be discussed, because they are conclusive of the appellee's right to recover.

[1] It is urged that the court erred in submitting the issue of liability to the jury because: (1) There is no evidence that the act on the part of defendant's agents, servants, or employés was committed while acting within the scope of their authority; (2) there is nothing to show that it could have been reasonably anticipated by any reasonably prudent person that injury would result to plaintiff because of any act or thing done or omitted to be done, by said agents and employés, in view of the fact that there is no evidence of defects in the elevator. There is no contention in this case that there was any defect in the elevator, nor that it was negligence upon the part of the defendant to permit it to stop. The court did not submit this as a basis for a recovery. So if there was any act of negligence which was the proximate cause of the injury, it was solely the statements of Stedham and the failure of the operator to deny them. Stedham was employed by the defendant to keep this elevator in running order. It was no part of his business to operate the elevator in carrying passengers to their respective destinations in the building, or in any way to look after their welfare, except in so far as keeping the elevator in running order contributed to that end. And it is equally clear what the duties of the operator of an elevator are. Whilst it was charged that the operator's duty was to advise or tell plaintiff that there was no danger in the elevator falling, and that he failed to do so, there is no evidence that he heard the statements made by Stedham, nor is there any upon the subject of failing to allay her fears, but, on the other hand, he and Stedham both testify that no such conversations as charged to Stedham occurred. So if the operator of the elevator was chargeable, under the law, with the duty of protecting the passengers on his car, as is held in railroad negligence cases, then there is no proof that he did not do so. So it seems clear that it could not have been contemplated by the defendant that they would go outside of their prescribed duties and commit any act by words or deed which would have a tendency to frighten a timid passenger. This was no part of the master's

duties to which they were put to work, and could not have been anticipated. The doctrine is well stated in 3 Labatt on Master and Servant (2d Ed.) art. 1042:

"A person is not answerable at law for a failure to avert or avoid peril that could not have been foreseen by one in like circumstances, and in the exercise of such care as would be characteristic of a prudent person so situated. In other words, it is not negligence to fail to provide against an accident of such a nature that nobody could have foreseen it, and that no prudence could have anticipated the need of guarding against it. After an accident has occurred, it may be easy to see what would have prevented it; but that of itself does not prove, nor tend to prove, that reasonable or ordinary care would have anticipated and provided against it."

[2, 3] It is a matter of common knowledge that the electricity which constitutes the power that propels an elevator will at times be cut off or cease to flow, and that as a consequence the elevator must stop, so the mere stopping of the elevator was not in any sense a wrongful act, where there was no physical injury caused by it, so, if there was a proximate cause of the injury depicted in this case, it was alone the idle talk of the employé Stedham, for which the defendant is in no way liable, because it was no part of his master's duties, and therefore he (Mills) could not have anticipated the need of guarding against it. Therefore the defendant was not guilty of negligence and is not liable for the injury charged.

The cause must therefore be reversed and rendered, and it is so ordered.

Reversed and rendered.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes